IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION


| | | |
|---|---|---|
| SAMUEL EARL IVORY, # 116717, and<br>CEDRIC LAVELLE PHILLIPS, #169252, | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION 11-0135-KD-C |
| JAMES MULLINS, ROBERT BENTLEY,<br>KIM THOMAS, and LUTHER STRANGE, | : | |
| | : | |
| Defendants. | | |


### REPORT AND RECOMMENDATION

Plaintiffs, Alabama prison inmates who are proceeding *pro se* and have paid the $350.00 filing fee (Doc. 8), filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is the undersigned's recommendation that plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

In this action plaintiffs seek to stop their transfer to Easterling Correctional Facility ("Easterling") in the Middle District of Alabama[1] from the Perry County Correctional Center ("Perry County") in the Southern District of Alabama. Plaintiffs complain about the overcrowding at Easterling as well as at other Alabama Department of Corrections' ("ADOC") prisons, the conditions of the prisons, and the impact that overcrowding has on the prisoners and

---
[1] Easterling is located in Clio in Barbour County, Alabama, which is in the Middle District of Alabama.

the facilities' conditions. After filing this action while plaintiffs were at Perry County, they were transferred when ADOC ceased using Perry County for housing inmates. (Doc. 1 at 15, 17; *see* Doc. 20 at 3). Plaintiff Ivory and plaintiff Phillips were transferred to Easterling (Doc. 20 at 4), and subsequently plaintiff Phillips was transferred to Elmore Correctional Facility and then to Bibb Correctional Facility in Brent in Bibb County Alabama, which is in the Northern District of Alabama, where he now resides. (Docs. 29, 32).

The defendants are James Mullins, Warden at Perry County, Kim Thomas, Commissioner of ADOC, Dr. Robert Bentley, Governor of Alabama, and Luther Strange, Attorney General of Alabama. (Doc. 1 at 6-7). A Montgomery, Alabama, address was provided for defendants Commissioner Thomas, Governor Bentley, and Attorney General Strange.

> The proper venue for bringing a § 1983 action is in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

In the present action, three of the defendants are located in the Middle District of Alabama and the conditions complained about occur system-wide, but the conditions at Easterling is the complaint's focus because that is the facility where plaintiffs believe that they will be transferred. There are no complaints about the conditions at Perry County, nor is defendant Mullins, the warden of Perry County, charged with a deprivation of a constitutional right. Considering that defendants Commissioner Thomas, Governor Bentley, and Attorney

General Strange, all of whom have the potential of being involved in decisions affecting the prison system state-wide, reside in the Middle District, and that Easterling is in the Middle District, it is recommended that, in the interest of justice and for the convenience of the parties, this action be transferred to the United States District Court for Middle District where the majority of defendants are located pursuant to 28 U.S.C. § 1404(a). *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *Roofing & Sheet Metal Servs. v. LaQuinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision is left to "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."); *Holton v. Florida*, No. 5:08cv52/RS-EMT, 2008 WL 1995128, at *2 (N.D. Fla. May 6, 2008) ("Such transfers may be made sua sponte by the district court.") (unpublished).[2]

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 4th day of August, 2011.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

       s/WILLIAM E. CASSADY
       UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).